IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **KIMBERLY BOYKINS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| | § | |
| **TARRANT COUNTY HOSPITAL** | § | |
| **DISTRICT D/B/A JPS HEALTH** | § | |
| **NETWORK D/B/A JOHN PETER** | § | |
| **SMITH HOSPITAL** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Emily Boykins ("Plaintiff" or "Boykins"), through her counsel, brings this action for race discrimination and retaliation in violation of 42 U.S.C. §1981 and for race discrimination and retaliation in violation of 42 U.S.C. §2000e *et seq.* against Defendant, Tarrant County Hospital District d/b/a JPS Health Network d/b/a John Peter Smith Hospital ("Defendant" or "JPS") and would respectfully show the Court as follows:

### I.

### PARTIES

1.01   Plaintiff Emily Boykins is a citizen of the United States and a resident of the State of Texas who resides at 5828 Arbor Lawn Drive, Fort Worth Texas 76109. Plaintiff may be contacted through the undersigned counsel.

1.02     Defendant JPS is a county hospital district located in Tarrant County, Texas, and/or whose principle office is located in Tarrant County, Texas, and which may be served with process by serving its President and Chief Executive Officer, Robert Earley, or any other officer of Board of Directors member at 1500 South Main Street, Fort Worth, Texas, 76104, or wherever found, under the authority of the Texas Civil Practice and Remedies Code S. 101.102(c), because no other method of service is provided by law.

## II.

## JURISDICTION AND VENUE

2.01     Plaintiff brings this action for wrongful termination under 42 U.S.C. '1981 for civil rights violations and under 42 U.S.C. §2000e.

2.02     Jurisdiction is conferred on this Court by 28 U.S.C. '1331.  The Court has federal question jurisdiction because this action arises under 42 U.S.C. §1981 and 42 U.S.C. §2000e.

2.03     Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. '1391.  Plaintiff's EEOC charge was filed and pursued in the Dallas District office of the EEOC.   Plaintiff received a Notice of Right to Sue and has timely filed this Original Complaint.

## III.

## FACTUAL ALLEGATIONS

3.01      Plaintiff is an African American female.  She was hired by Defendant in approximately 2000, and has experienced a racially hostile work environment.

3.02     Beginning in approximately March, 2018, Plaintiff observed that she was in an increasingly racially hostile work environment. Specifically, Plaintiff observed that her coworkers

directed several racially motivated comments towards Plaintiff and other African American coworkers.

3.03   Plaintiff promptly complained about the comments and the hostile work environment to her manager and to Human Resources, but no action was taken.

3.04   In response to Plaintiff's complaints, Defendant, through its management, informed Plaintiff that she was deficient in terms of communication, inventory management and approachability by other workers.

3.05   These criticisms are entirely false and unjustified. Throughout Plaintiff's 18 years' employment with Defendant, she had never been charged with or disciplined for any employment deficiencies.

3.06   Plaintiff believes and therefore asserts that the defendant's response to her protected activity of complaining about a racially hostile work environment was unlawful retaliation.

3.07   As a result of Defendants harsh criticisms of Plaintiff's job performance, Plaintiff suffered more anxiety and more hostility from her work environment.

3.08   As a result of the continuous hostile work environment and Defendant's continued indifference to Plaintiff's reports of racial hostility, Plaintiff had no choice but to resign. Defendant knew that Plaintiff was in distress, yet took no action to alleviate the hostile working conditions, so that Plaintiff would resign.

3.09   Defendant constructively discharged Plaintiff in retaliation for her protected activity.

## IV.

## FIRST COUNT

### 42 U.S.C.§1981 Violations – Race Discrimination and Retaliation

4.01.   The foregoing paragraphs of this complaint are incorporated in this count by

reference as fully as if set forth at length herein.

    4.02.   42 U.S.C. §1981 provides that:

"**§ 1981.  EQUAL RIGHTS UNDER THE LAW**

(a) Statement of equal rights. – All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) 'Make and enforce contracts' defined. – For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment. – The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State Law."

    4.03   Defendant deprived Plaintiff of her right to work in her capacity as a medical provider to "the full and equal benefit of all laws and proceedings" as is enjoyed by white citizens in this position in violation of 42 U.S.C. § 1981.  Defendant has also deprived Plaintiff of her right to advance her career and professional life because of Plaintiff's race and in retaliation in violation of 42 U.S.C.§1981.

    4.04   Defendant engaged in a single, continuous course of conduct of discrimination against Plaintiff because of her race, and in retaliation for her protected actions in order to destroy Plaintiff, her career, and her professional life.

    4.05   Such discrimination and retaliation by Defendant against Plaintiff was intentional, and Plaintiff would not have been constructively discharged but for her race and her complaints of the racially hostile work environment.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, overtime pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses. Further, this

discrimination was done with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff also seeks to recover all costs of Court, attorney's fees, and expert fees.

## V.

## SECOND COUNT

### Title VII, 42 U.S.C. §2000e *et seq.* Violations – Race Discrimination and Retaliation

5.01. The foregoing paragraphs of this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

5.02 Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely African American. (42 U.S.C. '2000e(f))

5.03 Defendant is an employer within the meaning of Title VII. 42 U.S.C. '2000e(b).5.04.

All conditions precedent to filing this action for discrimination under federal law have been met. Plaintiff has filed a charge of race discrimination and retaliation with the EEOC. A Notice of Right to Sue was mailed to Plaintiff on April 28, 2021. Plaintiff files this Original Complaint within the permitted statutory timeframe after receiving of the Notice of Right to Sue sent in the mail from the EEOC.

5.04 Defendant violated Title VII, as amended, by discriminating and/or retaliating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's race, and because Plaintiff engaged in protected activity, including his willingness to testify about witnessing reported violations of Title VII.

5.05 Defendant also retaliated against Plaintiff by subjecting her to retaliatory acts in response to her reports of a racially hostile work environment, by failing to protect Plaintiff, by

failing to investigate Plaintiff's claims of discrimination, by attempting to seek her knowledge about the known discrimination, and then by constructively terminating Plaintiff's employment after she reported violations of Title VII. Defendant has thereby intentionally engaged in unlawful employment practices prohibited by Title VII.

5.06    Defendant engaged in a single, continuous course of conduct of discrimination and retaliation against Plaintiff because of her knowledge of discriminatory activity based on race and because of race, in order to destroy Plaintiff, his career, and her professional life.

5.07    Such discrimination by Defendant against Plaintiff was intentional and was a motivating factor in Defendants' conduct toward Plaintiff. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, overtime pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses. Further, this discrimination was done by Defendants with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff also seeks to recover all costs of Court, attorney's fees, and expert fees.

## VI.

### THIRD COUNT

### Violation of Texas Labor Code

6.01    The foregoing paragraphs of this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

6.02    Plaintiff timely filed her charge of discrimination before the EEOC and the Texas Workforce Commission thereby preserving her state rights under Chapter 21 of the Texas Labor Code.

6.03   Defendant's actions were discriminatory and retaliatory in violation of Chapter 21 of the Texas Labor Code.

## VII.

## JURY TRIAL DEMANDED

7.01   PLAINTIFF DEMANDS A TRIAL BY JURY.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2) Judgment for back pay and front pay as allowed by law;

(3) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses;

(4) Damages for past and future mental anguish, emotional distress, and physical distress;

(5) Prejudgment and post-judgment interest at the maximum legal rate;

(6) All costs of Court;

(7) Attorneys' fees;

(8) Experts' fees;

(9) Such other and further relief to which Plaintiff may be justly entitled.

Dated: July 29, 2021.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: <u>*/s/ Nicholas A. O'Kelly*</u>
Nicholas A. O'Kelly
State Bar No. 15241235
nao@kilgorelaw.com
Kilgore Law Center
3109 Carlisle
Dallas, Texas 75204
(214) 969-9099 - Telephone
(214) 953-0133 - Facsimile

**ATTORNEYS FOR PLAINTIFF
KIMBERLY BOYKINS**